IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| **THERMAN JONES,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 3:09CV590 |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

This matter is before the Court to consider Plaintiff's objections to the Report and Recommendation ("R&R") entered by the Honorable Dennis W. Dohnal, United States Magistrate Judge, on September 22, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B), affirming the decision of the Administrative Law Judge ("ALJ") that the Plaintiff's disability ended on May 30, 2000. When a party files objections to a magistrate judge's R&R, the Court considers de novo those portions of the R&R to which an objection has been made. 28 U.S.C. § 636(b)(1)(C).

Having considered the R&R, the entire record, and the objections and arguments of counsel, the objections to the R&R will be overruled; the R&R will be accepted and adopted; the Plaintiff's Motion for Summary Judgment will be denied; the Defendant's Motion for Summary Judgment will be granted; and the decision of the Commissioner will be affirmed.

## PLAINTIFF'S OBJECTIONS

Plaintiff's sole objection to the R&R is that the ALJ wrongfully failed to consult a medical advisor before determining Plaintiff's onset date, and therefore the ALJ's decision is not

supported by substantial evidence or application of the correct legal standard and should be overturned. Though Plaintiff's argument is essentially the same as the argument presented in his Motion for Summary Judgment, the Court will address the few new cases he cites to support his contention that the ALJ violated SSR 83-20 and <u>Bailey v. Chater</u> in failing to consult a medical advisor. 68 F.3d 75 (4th Cir. 1995). However, the Court finds these cases unpersuasive, and accordingly that the Magistrate Judge properly concluded that the ALJ employed the proper legal standard and arrived at a conclusion supported by substantial evidence.

First, it should be noted that the new cases Plaintiff cites in his objections are not Fourth Circuit cases, and therefore not controlling precedent, and most of them pre-date the Fourth Circuit's decision in <u>Bailey</u>, which clarified when an ALJ should call on the services of a medical advisor to determine an onset date. 68 F.3d at 79-80. Second, these cases, including <u>Bailey</u>, are factually distinguishable from the present case.

SSR 83-20 requires that the onset date of disability must have a legitimate medical basis. However, if the onset date must be inferred, SSR 83-20 states that the ALJ should enlist the services of a medical advisor to assist in the determination of the onset date. The Fourth Circuit clarified this principle in <u>Bailey</u>, holding that the use of a medical advisor is necessary where the onset date is ambiguous. 68 F.3d at 79. However, the Court also noted that SSR 83-20 does not expressly mandate that an ALJ must consult a medical advisor in <u>every</u> case where the onset of disability is only inferred. <u>Id.</u> at 79.

In <u>Bailey</u>, the plaintiff alleged an onset date of November 30, 1989, but the ALJ found her onset date to be December 4, 1991. <u>Id.</u> at 76, 78. In making this determination, the ALJ relied on a sparse medical record and a consultative examination conducted in May of 1992. <u>Id.</u>

2

at 77-79. Specifically, the ALJ found that the plaintiff was disabled when she underwent the May of 1992 consultative examination, but gave her the "benefit of any doubt" and concluded that she was disabled as of at least six months prior to the examination, thereby arriving at the December 4, 1991 onset date. Id. at 78. The Fourth Circuit determined on appeal that the ALJ's decision to award benefits as of six months prior to the consultative examinations was, in essence, "wholly arbitary" where it was not supported by substantial evidence. Id. at 80. Further, the appellate court noted that the ALJ may have underestimated the severity of the plaintiff's diabetic episode, which was essential to a fair resolution of her claim. Id. at 79. The ALJ also incorrectly stated that the plaintiff did not use pain medication until 1992, when she actually started in 1989. Id. at 78, n.2. The ALJ was also presented with an opinion of one of the plaintiff's physicians, which stated that the plaintiff had disabling symptoms since her alleged onset date of November 30, 1989. Id. at 78-79. The appellate court found that there was an inadequate development of the record regarding the effect of the plaintiff's diabetic episode, an "absence of clear evidence documenting the progression of Bailey's condition," and accordingly ruled that the ALJ did not have the discretion to proceed without a medical advisor. Id. at 79.

However, in the present case, and as the Magistrate Judge correctly found, the medical record presented clear evidence documenting the progression of Plaintiff's condition. (R&R at 8-14.) Several important facts distinguish the present case from Bailey. Here, the ALJ did not give Plaintiff "the benefit of any doubt" and award him benefits six months prior to his consultative examinations. Instead, the ALJ awarded benefits as of the day of a consultative examination (July 30, 2007), because this marked the first time a physician opined that Plaintiff had such limitations as to ultimately render him disabled. Unlike Bailey, in this case the record

is replete with examinations from physicians prior to the determined onset date of July 30, 2007. Not only did these physicians <u>not</u> opine that Plaintiff was disabled, his treating physician, Dr. Praveer Srivastava, M.D., stated on several examinations (and as late as February 16, 2007) that Plaintiff could return to work, and that he was a "relatively young and functioning individual, who has undergone an apparently fairly successful primary left hip replacement, and that he should make an attempt at returning to a useful and productive lifestyle and work status, with some form of permanent restrictions that are reasonably dictated by his artificial joint." (R. at 191.) Indeed, the ALJ afforded Dr. Srivastava's opinion controlling weight, and adopted such in his RFC assessment. (R. at 16.) Additionally, Plaintiff's primary care physician, Dr. George C. Coleman, M.D., opined for the first time on November 27, 2007 (four months after the onset date, as found by the ALJ) that Plaintiff was unable to work, due to pain in his legs and hips. (R. at 270.) The ALJ did not disregard Plaintiff's physician's statements, as the ALJ did in <u>Bailey</u>. 68 F.3d at 78-79. Further, it does not appear from the record that the ALJ rendered any false conclusions about Plaintiff's medication use or underestimated the severity of his condition, which was the case in <u>Bailey</u>. <u>Id.</u> Accordingly, because the ALJ relied on clear, unambiguous evidence documenting Plaintiff's condition, he was not required to consult a medical advisor.

Plaintiff also cites the Third Circuit case of <u>Newell v. Commissioner</u> to support his contention that the ALJ must procure the assistance of a medical advisor when the onset date must be inferred. 347 F.3d 541 (3d Cir. 2003). However, this case is also factually distinguishable. In <u>Newell</u>, the plaintiff claimed an onset date of disability that was almost a year before the date she ever sought treatment. <u>Id.</u> at 543. Also, the record in her case comprised of evidence that was dated a year or more after her claimed onset date of disability.

4

Id.

In this case, and as both the ALJ and Magistrate Judge noted, the record consists of evidence pre-dating Plaintiff's alleged onset date, and that evidence, along with the records dated after Plaintiff's alleged onset date, record the progression of his condition. Unlike Newell, here the ALJ had a sufficient, clear medical record documenting Plaintiff's condition, as well as supporting opinions and statements from Plaintiff's treating physicians.

Plaintiff cites the Sixth Circuit case of Blankenship v. Bowen to support his contention as well. 874 F.2d 1116 (6th Cir. 1989). In Blankenship, the plaintiff underwent several psychological examinations (1980, 1981, 1982, 1985). Id. at 1118-1120. The ALJ, disregarding the findings of the plaintiff's 1982 mental examination, found that though the plaintiff suffered from a mental disorder that had "slowly progressed in intensity" since 1979, he did not become disabled under the Act until the date of the fourth examination, November 13, 1985. Id. at 1120-21. The Sixth Circuit noted that "a psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment." Id. at 1121. The appellate court also noted that the ALJ's decision ignored the slowly progressive nature of the plaintiff's condition, failed to account for statements by an examining physician regarding the plaintiff's hostile nature, and gave the appearance that the onset date was solely chosen because it fell outside of the plaintiff's insured status time period. Id. at 1122.

In this case, Plaintiff does not suffer from a mental condition; which, as noted by the Sixth Circuit, "is not as readily amenable to substantiation by objective laboratory testing as a medical impairment." Id. at 1121. Also, and as noted earlier, the ALJ did not disregard the findings of Plaintiff's physicians; instead, he adopted them into his RFC assessment. Further,

5

the record demonstrates unambiguous evidence of the progression of Plaintiff's condition, which the ALJ considered before rendering his decision.

Finally, Plaintiff asserts that the Magistrate Judge attempted to "distinguish" the mandate of Bailey, when he cited the case of Pugh v. Bowen in the R&R. (R&R at 13-14; 870 F.2d 1271 (7th Cir. 1989).) This Court does not read the Magistrate Judge's reference to Pugh as an attempt to "distinguish" Bailey; rather, it appears that Pugh was cited to demonstrate that Plaintiff's argument that it is illogical to conclude that he was disabled on July 30, 2007, but not one day before, failed to appreciate how the sequential process operates. (R&R at 13-14, 870 F.2d at 1277 n.7 ("When one employs the same reasoning with regard to [Plaintiff's] allegation that he became totally disabled upon the day he left his job...one might characterize [his] contention similarly.").) Plaintiff attempts to discredit Pugh by stating that the case was tagged with the introductory signal "but see" in Bailey. (Pl.'s Mem. at 5.) However, the "but see" signal was used not because it was inconsistent with the ruling in Bailey, but rather to clarify that a medical advisor should be consulted when the evidence as to onset date is ambiguous. See Bailey, 68 F.3d at 79 (where the appellate court cited three cases in which a medical advisor was necessary because the evidence of onset was ambiguous, but in Pugh a medical advisor was "unnecessary where the ALJ had a complete medical chronology of the claimant's condition throughout the relevant time period.").

Plaintiff also argues that Pugh is "simply wrong" because it suggests that the relevant inquiry under SSR 83-20 is whether the chosen onset date is supported by substantial evidence, not whether an earlier onset date could have been supported. (Pl.'s Mem. at 5.) Plaintiff argues further that if this were the standard, "it would allow the agency to decide that the claimant was

not disabled before the date of onset without substantial evidence to support this decision," it would "eviscerate" the holding in Bailey, and "in every meritorious case where the date of onset was ambiguous, the ALJ could pick the date of the hearing as the date of onset, without any medical basis for rejecting an earlier date of onset." (Pl.'s Mem. at 5-6.) The Court does not find this argument persuasive. Though the Court is limited in its review to whether or not the chosen onset date is supported by substantial evidence, this does not necessarily mean that the ALJ can simply choose any date which is supported by substantial evidence, and ignore the possibility that an earlier date could have been chosen. Indeed, in determining whether the ALJ's decision as to onset is supported by substantial evidence, the Court must determine if the ALJ followed the mandate of Bailey and SSR 83-20, which provide that the onset date must have a legitimate medical basis. Therefore, an ALJ cannot choose an onset date, such as the date of the hearing, or the date of the consultative examination, if he did not properly analyze Plaintiff's medical records and, if necessary, obtain the assistance of a medical advisor where the evidence of onset is ambiguous. If an ALJ were to choose a date of onset "without any medical basis for rejecting an earlier date of onset," then he would have violated the mandate of Bailey and SSR 83-20, and consequently his decision would not be supported by substantial evidence. (Pl.'s Mem. at 6.) Further, though Plaintiff attempts to discredit this rationale in Pugh, this rationale is the same as that in Blankenship, which was a case Plaintiff relied on to support his contention that a medical advisor was necessary in this case. Pugh, 870 F.2d at 1278-79; Blankenship, 874 F.2d at 1121 ("Although the Secretary is not required to present evidence that would eliminate a possible onset date any time from 1979 through 1984, the Secretary still must establish by substantial evidence that the disability began November 13, 1985."). It should also be noted

7

that, though only persuasive precedent, Pugh has not been overturned, nor does it run contrary to the mandate of Bailey and SSR 83-20, in that an onset date must still be supported by substantial evidence and have a legitimate medical basis.

In this case, the Magistrate Judge properly found that the ALJ's decision was supported by substantial evidence and application of the correct legal standard. Because the ALJ relied on evidence which clearly documented the progression of Plaintiff's condition, he was not required to consult a medical advisor. A medical advisor is only necessary where the evidence of onset is ambiguous, which was not the case here.

## CONCLUSION

Having considered de novo the portions of the R&R to which Plaintiff has objected, the Court finds that the Magistrate Judge's findings of fact and conclusions of law were without error. The objections to the R&R will be overruled; the R&R will be accepted and adopted; the Plaintiff's Motion for Summary Judgment will be denied; the Defendant's Motion for Summary Judgment will be granted; and the decision of the Commissioner will be affirmed.

An appropriate Order shall issue.

/s/
Richard L. Williams
Senior United States District Judge

Richmond, Virginia
Dated: June 3, 2010